# EXHIBIT A

| | |
|---|---|
| STATE OF MINNESOTA<br>COUNTY OF WASHINGTON | DISTRICT COURT<br>TENTH JUDICIAL DISTRICT<br>CASE TYPE: CIVIL OTHER/MISC. |

Court File No. Unfiled
Assigned Judge: Unassigned

Rosemary Mitlyng,
Plaintiff,

vs.

Professional Bureau of Collections of Maryland, Inc.,
Defendant.

**SUMMONS**

THIS SUMMONS IS DIRECTED TO Professional Bureau of Collections of Maryland, Inc.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

   5201 Eden Avenue
   Suite 300
   Edina, MN 55436

3. **YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS**

7

**SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: September 24, 2020                                 Respectfully Submitted,

PETERSON LEGAL, PLLC

/s/ Ryan D. Peterson
Ryan D. Peterson (#0389607)
5201 Eden Avenue, Suite 300
Edina, MN 55436
(612) 367-6568
ryan@peterson.legal

**ATTORNEY FOR PLAINTIFF**

8

| | |
|---|---|
| STATE OF MINNESOTA<br>COUNTY OF WASHINGTON | DISTRICT COURT<br>TENTH JUDICIAL DISTRICT<br>CASE TYPE: CIVIL OTHER/MISC. |

Court File No. Unfiled
Assigned Judge: Unassigned

Rosemary Mitlyng,
Plaintiff,

vs.

**COMPLAINT**

Professional Bureau of Collections of Maryland, Inc.,
Defendant.

PLAINTIFF, as and for her cause of action (i.e., violation of the Fair Debt Collection Practices Act) against the above-named defendant, states and alleges as follows:

### Introduction

1. The following case alleges violations of the federal Fair Debt Collection Practices Act. Plaintiff Rosemary Mitlyng wanted to rehabilitate her allegedly defaulted federal student loans. When she called Defendant, her default student loan servicer, it told her that she couldn't rehabilitate her loans because they had been reduced to judgment. Despite her repeated insistence that she never had a student loan reduced to judgment, Defendant refused to enroll Ms. Mitlyng into a federal student loan rehabilitation program. In point of fact, there is no record of Ms. Mitlyng's loans being reduced to judgment. For that reason, Ms. Mitlyng brings this action.

1

**Statement of Jurisdiction**

2.  This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01 and the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

**Venue**

3.  Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Washington.

**Parties**

4.  Plaintiff Rosemary Mitlyng is an adult resident of Washington County, Minnesota.

5.  Defendant Professional Bureau of Collections of Maryland, Inc. ("PBCM") is a foreign corporation not registered to conduct business in the state of Minnesota.

**Facts**

6.  Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 15 U.S.C. §1692a(3).

7.  Defendant PBCM is, and at all times mentioned herein was, a "debt collector" as defined by 15 U.S.C. §1692a(6) because it regularly collects debts owed or alleged owed to another.

8.  The student loans that are the subject of this complaint is a "debt" as defined by 15 U.S.C. §1692a(5) because it is a transaction primarily for personal, family, or household purposes.

9.  Like so many Americans, Plaintiff Rosemary Mitlyng funded her post-secondary education through the use of federal student loans.

2

10.     Having gone to school in the 1980's, Ms. Mitlyng is among a growing cohort of consumers with student loan debt stretching out over a span of decades.

11.     After having her tax refund intercepted for the umpteenth time, Ms. Mitlyng decided she wanted to try to rehabilitate her defaulted student loans.

12.     To that end, Ms. Mitlyng contacted Defendant PBCM in order to enter into a student loan rehabilitation program.

13.     Much to her surprise, Defendant informed Ms. Mitlyng that her loans could not be rehabilitated because they had been reduced to judgment.

14.     Ms. Mitlyng was incredibly surprised; at no time had she ever been served with a civil summons and complaint or notice of entry of judgment.

15.     This added to an increasing level of frustration that Ms. Mitlyng had been having regarding her student loans over the years.

16.     Ms. Mitlyng felt like payment she had made were misapplied.

17.     She also felt like she had paid the amount originally financed many times over.

18.     By this point, Ms. Mitlyng was at her wits end.

19.     Having reached the limit of what she could find out on her own, Ms. Mitlyng retained the undersigned counsel to assist her obtaining more information.

20.     An extensive search of federal and state public court records, using both Ms. Mitlyng's name and social security number, failed to uncover the existence of any judgment entered against Ms. Mitlyng related to her federal student loans.

21.     On or about May 27, 2020, Ms. Mitlyng and the undersigned telephoned Defendant and spoke with two representatives in an attempt to locate further information.

22.     Defendant's first representative was completely unhelpful and mildly rude.

23. The first representative said that the amount Ms. Mitlyng owed was $5,499.90.

24. Despite being told that no record of the judgment existed, the first representative repeatedly asserted that Ms. Mitlying's student loans had been reduced to judgment.

25. Eventually, the undersigned requested to speak with the first representative's supervisor.

26. While the supervisor was more friendly, she was similarly unhelpful.

27. The supervisor said that Ms. Mitlyng owed $5,664.09.

28. The supervisor and the first representative inexplicably provided different numbers for the account balance.

29. The supervisor told Ms. Mitlyng and the undersigned that Defendant had no record of any judgment (despite repeated contentions to the contrary) and that Ms. Mitlyng would have to write to the Department of Education ("DOE") to obtain information about any judgment.

30. On or about June 25, 2020, the undersigned wrote a letter to DOE asking for information regarding any judgment it held with respect to Ms. Mitlyng's federal student loans.

31. On or about July 14, 2020, DOE sent the undersigned a letter stating that "[t]he agency that previously administered this account did not provide the Department [of Education] with copies of the judgment.

32. Upon information and belief, no such judgment exists.

33. As a result of Defendants' conduct, Plaintiff has experienced economic damages in the form of unnecessarily expended attorney's fees and non-economic damages in the form of emotional distress.

### Specific Claims

Count I– Violation of Fair Debt Collection 15 U.S.C. § 1692e(2)(A)

4

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant misrepresented the amount, character, or legal status of a debt in violation of 15 U.S.C. §1692e(2)(A):

   a. Insisting that Plaintiff's student loans had been reduced to judgment when no such judgment exists; and

   b. Providing Plaintiff with an incorrect account balance during the May 27, 2020 phone call.

Count II– Violation of Fair Debt Collection 15 U.S.C. § 1692f

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f when it refused to enroll Ms. Mitlyng in rehabilitation program due to a judgment that did not and does not exist.

Count III- Violation of Fair Debt Collection 15 U.S.C. § 1692e(10)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendant engaged in deceptive contact in the attempted collection of a debt in violation of 15 U.S.C. §1692e(10) by:

   a. Insisting that Plaintiff's student loans had been reduced to judgment when no such judgment exists; and

      b.   Providing Plaintiff with an incorrect account balance during the May 27, 2020 phone call.

## Jury Demand

40.   Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff by and through her attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.   All actual compensatory damages suffered;

    b.   Statutory damages;

    c.   Reasonable attorney's fees, litigation expenses, and cost of suit; and

    d.   Any other relief deemed appropriate by this Honorable Court.

Dated: September 24, 2020        Respectfully Submitted,

PETERSON LEGAL, PLLC

/s/ Ryan D. Peterson
Ryan D. Peterson (#0389607)
5201 Eden Avenue, Suite 300
Edina, MN 55436
(612) 367-6568
ryan@peterson.legal

**ATTORNEY FOR PLAINTIFF**

### Acknowledgement

Ryan D. Peterson, by signing above, acknowledges that costs, disbursements, witness fees, and reasonable attorneys' fees may be awarded, pursuant to Minnesota Statutes § 549.211, for a party acting in bad faith or asserting a frivolous claim.